Charles R. **SCHLEY**, Petitioner,

v.

C. C. **PEYTON**, Superintendent of the Virginia State Penitentiary, and Corporation Court of the City of Lynchburg, Virginia, Respondents.

Civ. A. No. 67–C–49–L.

United States District Court
W. D. Virginia,
Lynchburg Division.

Feb. 14, 1968.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondents.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes to the court upon a petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, by Charles R. Schley *in forma pauperis.*

Petitioner is currently serving a term of four years imprisonment in the Virginia State Penitentiary, pursuant to conviction for forgery and uttering by the Corporation Court for the City of Lynchburg on September 14, 1962. Petitioner was represented by court-appointed counsel at all stages of the proceeding. Petitioner waived his right to trial by jury and entered a plea of guilty. Execution of petitioner's sentence was suspended upon the condition that he serve six months in jail, and be placed on probation for the remainder of his sentence. On June 11, 1965 petitioner's probation officer recommended that petitioner's probation be revoked. A hearing was held in the Corporation Court for the City of Lynchburg on September 8, 1965, and petitioner was represented by court-appointed counsel. The court found that petitioner had violated the conditions of his probation and ordered that petitioner serve the original sentence imposed on September 14, 1962. Petitioner's writ of error to the Supreme Court of Appeals of Virginia was denied by an order entered April 27, 1966.

Petitioner now seeks a writ of habeas corpus from this court alleging that he is being illegally imprisoned beyond the time of his original sentence. Apparently petitioner is under the impression that his sentence continued to run during the time he was on probation, even though his probation was later revoked. Petitioner contends that he was sentenced to four years imprisonment in 1962, thus he should have been released in 1966. There is no merit to this contention. When petitioner's probation was revoked on September 8, 1965 he was then required to serve the remainder (three years, six months) of his original sentence. Petitioner was properly credited with the six months imprisonment he had served, but he is not entitled to receive credit for the time he was on probation. As of the date probation was revoked, September 8, 1965, there remained three

years six months time on petitioner's original sentence. Petitioner is now being held pursuant to his original sentence, and thus he is not illegally imprisoned.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon petitioner in the case at bar, this court feels that the allegation is without merit. Nothing would be gained by a further hearing.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.